ANDREW UNGER, JR., v. THE STATE.

No. 8060. Decided April 2, 1924.

**Manufacturing Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

Appeal from the District Court of Knox. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*D. J. Brookreson* and *J. S. Kendall,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—Manufacturing liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

The appellant, a bachelor, about forty years of age, resided with his father and mother, and was engaged in farming. Officers visited the premises and found sixteen bottles and four half-gallon fruit jars filled with corn whisky, which were secreted in different parts of the house, some between the beds, some in trunks, and some in other parts of the house. A quantity of mash was found in the cellar and a tent adjacent to the house. A still was found upon the premises which was suitable for the manufacture of whisky. Such was the nature of the mash. A quantity of so-called "choc beer" was found, and empty fruit jars were also on hand.

Appellant testified in his own behalf and said that he first saw the still at the home of Paul Unger, a relative; that it was brought to his premises by a man named Wilde. According to the appellant's testimony, he never connected the still or used it in making whisky. The mash was used for the purpose of making "soft drinks." Paul Unger had gone to Mexico before the appellant was arrested. Appellant did not know that the whisky was there until it was brought there by Paul Unger. Circumstances indicated that whisky was in the process of manufacture when the officers reached there.

No questions save the sufficiency of the evidence are presented for review. Whether the offense was committed was, under the facts, a question for the jury to solve.

The judgment is affirmed.

*Affirmed.*